(12 Misc. Rep. 359.)

MISSIONARY SOCIETY OF ST. PAUL THE APOSTLE et al. v. NEW YORK EL. R. CO. et al.

(Superior Court of New York City, General Term. May 6, 1895.)

EMINENT DOMAIN—DAMAGES—SET-OFF.

Damages to plaintiffs' premises, caused by the construction of an ele-vated railroad in the street on which such premises abut, are not subject to a set-off for benefits to adjacent premises owned by plaintiff, but not abutting on the railroad.

Appeal from judgment on report of referee.

Action by the Missionary Society of St. Paul the Apostle and others against New York Elevated Railroad Company and an-other for damages to plaintiffs' property caused by construction and maintenance of defendants' railroad. A judgment was entered in favor of plaintiffs, and defendants appeal. Affirmed.

Argued before SEDGWICK, C. J., and McADAM, J.

Davies, Short & Townsend, for appellants.
Edwin M. Felt, for respondents.

McADAM, J. The judgment appealed from restrains the de-fendants from the further maintenance and operation of their ele-vated railroad in front of the plaintiffs' premises, unless within a certain time the defendants pay to the plaintiffs the sum of $14,700, with interest. No past damages were awarded, owing to the fact that the plaintiffs' property, for which there was a recovery, con-sists partly of vacant lots and partly of land covered by a church building which is not adapted for purposes of renting, but for use as a whole. That being so, all objections and exceptions, which relate to testimony taken to show rental or past damage, may be con-sidered as outside of this appeal. The case fails to show that the referee considered noise as an element of damage in determining the fee damage.

The recovery was properly confined to the avenue lots extending from the westerly line of Ninth avenue west 100 feet, and to so much additional land as is actually covered by the church building. The defendants' claim that other land of the plaintiffs in the rear of the premises in controversy, and having no easement of light, air, and

access in and over Ninth avenue appurtenant to it, but abutting on the side streets, was benefited by the construction, maintenance, and operation of the elevated road on Ninth avenue, and that such benefit should be set-off against the fee damage awarded by the judgment appealed from, is untenable. Upon the whole case, we think the judgment is fairly sustained by the evidence, that substantial justice has been done, and that the record discloses no error which calls for reversal. The judgment should be affirmed, with costs.